UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINA A. WOLFE,

                Plaintiff,

  -against-                                    1:07-CV-0263
                                                     (LEK/DRH)

MICHAEL J. ASTRUE, Commissioner
of Social Security

                Defendant.

## **MEMORANDUM-DECISION AND ORDER**

    Before the Court is Defendant Commissioner of Social Security's Motion to dismiss Plaintiff Christina A. Wolfe's appeal of the Commissioner's January 12, 2007 dismissal of her application for supplemental security income ("SSI") benefits. See Riley Aff. (Dkt. No. 8, Attach. 3).

## **I. BACKGROUND**

    This case arises from Plaintiff's application for SSI benefits. Mem. of Law (Dkt. No. 8, Attach. 2) at 1. Her application was denied on March 4, 2004. Id. Plaintiff then sought a hearing with an administrative law judge ("ALJ"). Id. at 2. She failed to appear at the scheduled hearing, and the ALJ issued a notice to show cause for her failure to appeal. Id. Plaintiff did not respond and on April 29, 2005, the ALJ dismissed her request for a hearing. Id. Plaintiff requested a review of the ALJ's dismissal by the Appeals Council. Id. On August 15, 2005, the Appeals Council vacated the ALJ's order and remanded the case for additional proceedings on the grounds that the

1

certified acknowledgment was not on file, there was no evidence that the hearing officer attempted to contact Plaintiff to ascertain why the card had not been returned, and there was no evidence that Plaintiff had received actual notice of the hearing.  Id.

On October 20, 2005, Plaintiff was notified by mail that the ALJ hearing was scheduled for November 29, 2005.  Response (Dkt. No. 9) at 2; see also Mem. of Law (Dkt. No. 8, Attach. 2) at 2.  Plaintiff did not appear the scheduled hearing.[1]  Id.

The Commissioner contends that a notice to show cause for her failure to appear was sent and that Plaintiff did not respond.  Mem. of Law (Dkt. No. 8, Attach. 2) at 2.  Plaintiff claims she did not received the notice.  Response (Dkt. No. 9) at 2.  On December 19, 2005, the ALJ dismissed Plaintiff's request for rehearing.  Id.  On February 23, 2006 Plaintiff submitted an appeal to the Appeals Council,  which was denied on January 12, 2007.  Id.

**II. DISCUSSION**

**A. Jurisdiction**

Pursuant to 42 U.S.C. § 405(g), judicial review is available for "any final decision of the Commissioner made after a hearing. . . ."  See Califano v. Sanders, 430 U.S. 99, 108 (1977).  Where a plaintiff fails to appear at an administrative hearing, courts in this Circuit have held that "when there was no hearing and determination of the merits by a final decision, there is nothing for the court to review. . . ."  Hatcher v. Barnhart, 2006 WL 3196849, at *3 (E.D.N.Y. Nov. 4, 2006) (citing Plagianos v. Schweiker, 571 F. Supp. 495, 497 (S.D.N.Y. 1983)); see also Lesane v. Apfel,

---

[1] On the morning of the hearing Plaintiff asserts that she contacted the Albany Office of Disability and Adjudication and Review to explain that she would be unable to attend because she was unable to find transportation.  Response (Dkt. No. 9) at 2.

1999 WL 1288940, at *2 (E.D.N.Y. Nov. 17, 1999).

In this case, there was never a hearing on the merits of Plaintiff's claim because she failed to appear on the hearing dates. Therefore, the Court does not have jurisdiction to review this case, unless there is an applicable exception.

**B.  No Exception Applies**

The Supreme Court in Califano also established an exception that permits review by the federal courts despite the absence of a final decision on the merits in limited circumstances where a Plaintiff has raised a "colorable" constitutional challenge to the proceedings. Califano, 430 U.S. at 109.  The Court adopted this rule because "constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Id.

Plaintiff asserts that the ALJ's dismissal violated her due process rights. Response (Dkt. No. 9) at 2-3. Social Security regulations allow an ALJ to dismiss if:

> [n]either you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.

20 C.F.R. § 404.957(b)(1)(ii) (2008). In accordance with the regulations, the ALJ mailed a notice to show cause for failure to appear. Riley Aff. (Dkt. No. 8, Attach. 3) at 19. Plaintiff did not respond to the notice, and the notice was not returned as undeliverable. Id.  Additionally, this was Plaintiff's second opportunity for an ALJ hearing after the Appeals Council had vacated and remanded an earlier dismissal. Id. Thus, Plaintiff was afforded due process by the Commissioner and the Court does not have jurisdiction to review the case.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to dismiss is granted. Accordingly, it is hereby

**ORDERED,** that Defendant's Motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED,** that the Clerk serve a copy of this Order on the parties in accordance with the local Rules.

**IT IS SO ORDERED**.

DATED:   August 07, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge